**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number:  **09-04425-hb**

### ORDER CONFIRMING CHAPTER 11 PLAN

The relief set forth on the following pages, for a total of 18 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**08/01/2011**



*US* Bankruptcy Judge
District of South Carolina

Entered: 08/01/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Condustrial, Inc.<br>Tax I.D. 75-3057716<br><br>Debtor. | Case Number   09-04425<br>Chapter 11 |
|---|---|

**ORDER OF CONFIRMATION**

This matter is before the court for a confirmation hearing on Condustrial, Inc.'s ("Debtor") Second Amended Plan filed on April 13, 2011. A hearing was held on this matter on May 25, 2011. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, 9014 the Court makes the following findings of fact and conclusions of law:

**CONFIRMATION OF DEBTOR'S PLAN**

Debtor having:

a.    On June 15, 2009 (the "Petition Date"), filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"),1 in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court");

b.    filed, on December 15, 2009, a plan and a disclosure statement;

c.    filed, on January 12, 2011, a First Amended Disclosure Statement and First Amended Plan, both of which were thereafter supplemented, modified and amended on January 13, 2011 with various exhibits [Docket Nos. 226, 227] and on April 13, 2011,[Docket Nos. 256,257] (as such, the "Disclosure Statement" and "Plan", respectively);

d.    distributed solicitation materials beginning January 28, 2011, consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the

District of South Carolina Local Bankruptcy Rules (the "Local Bankruptcy Rules"), and the Order (I) Scheduling Hearing on Confirmation of the First Amended Plan for Adjustment of Debts; (II) Approving Solicitation Procedures; (III) Establishing Deadlines; and (IV) Approving Form and Manner of Notice of the Confirmation Hearing, entered on January 21, 2011 [Docket No. 113] (the "Solicitation Procedures Order"), as evidenced by the Affidavit of Service of Solicitation Materials filed by the Solicitation Agent on February 24, 2011 [Docket No. 117];

e. distributed the required solicitation documents on February 25, 2011, to certain other non-voting parties in accordance with the Solicitation Procedures Order as evidenced by the Certificates of Service filed on February 28, 2011 [Docket Nos. 118, 119];

f. filed, on April 15, 2011, Debtor's Ballot Tally and the Declaration of Randy A. Skinner on behalf of Skinner Law Firm, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting the First Amended Plan [Docket No. 262] ("Ballot Tally"), detailing the results of the Plan voting process.

The Bankruptcy Court having:

a. entered the Order Approving Disclosure Statement and Setting Hearing on Confirmation on February 28, 2011 [Docket No. 237];

b. set April 21, 2011 at 1:30 p.m., prevailing Eastern Time, as the date and time for the commencement of the hearing to consider confirmation of the Plan (the "Confirmation Hearing");

c. reviewed the Plan, the Disclosure Statement, the Ballot Tally and all filed pleadings, exhibits, statements and comments regarding confirmation of the Plan under the Bankruptcy Code ("Confirmation"), including all objections, statements and reservations of rights.

On April 7, 2011, the United States Trustee's Office (hereinafter "UST's Office") filed an Objection to Confirmation of the Plan based upon the proposed release of the principal of the debtor, Claude A. Durham and certain individual employees, as necessary for confirmation of the plan and questioning the sufficiency of the consideration given for such releases. In addition, the UST asserted that the basis for the release of Wachovia, N.A. provided for in the Plan was not fully explained. The UST also objected to the separate classification of Classes VII and VIII.

On July 26, 2011, Debtor filed a modification to the Plan ("Modification") to make certain conforming changes to the Plan, as specifically outlined in the Modification. This modification provides equal plan treatment for Classes VII and VIII. Additionally, this modification further defines and limits the nature of the third party releases sought by the debtor in the Plan and Confirmation Order. This modification does not materially alter or otherwise change the Plan to the detriment of the creditors, but instead, further limits and minimizes the nature of these releases.

On April 14, 2011, Chartis, Inc. a/k/a Commerce & Industries, a general unsecured creditor, filed an Objection to Confirmation of the Plan because the creditor was not included in the distribution to general unsecured creditors in Class VIII of the Plan. This objection was announced as resolved and such resolution was further confirmed by consent order entered by the Court on June 16, 2011.

At the Confirmation Hearing, the Court:

a.  heard the statements, arguments and objections made by counsel in respect of Confirmation;

b.  considered all oral representations, testimony, documents, filings and other evidence regarding Confirmation

c.  overruled any and all unresolved objections to the Plan and Confirmation thereof; and

d.  took judicial notice of the papers and pleadings filed in this Chapter 11 Case.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party-in-interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, as evidenced by the Affidavit of Service, providing notice thereof, filed with the Court on March 18, 2011. It further appearing to the Court that the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  Jurisdiction and Venue.**

The Bankruptcy Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 1334. Venue in the Bankruptcy Court was and is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor is an entity eligible for relief under Bankruptcy Code § 109(c). Confirmation of the Plan constitutes a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable

provisions of the Bankruptcy Code and should be confirmed.

**B.      Judicial Notice.**

The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for Confirmation) such adjudicative facts that arise from the docket of this Chapter 11 case, including all pleadings and other documents on file, all orders entered, all hearing transcripts and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of this case. Any resolutions of objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All unresolved objections, statements and reservations of rights are hereby overruled on the merits.

**C.      Burden of Proof.**

Debtor has met its burden of satisfying the confirmation requirements of § 1129 by a preponderance of the evidence, which is the applicable evidentiary standard. *See In re Pierce County Hous. Auth.*, 414 B.R. 702, 715 (Bankr. W.D. Wash. 2009); *In re Mount Carbon Metro. Dist.*, 242 B.R. 18, 31 (Bankr. D. Colo. 1999).

**D.      Notice, Solicitation and Acceptance.**

On February 28, 2011, the Bankruptcy Court approved the Disclosure Statement as containing adequate information in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. Thereafter, on February 28, 2011, the Bankruptcy Court entered the Order Setting Hearing on Confirmation which (a) set April 14, 2011 as the Voting Deadline for voting to accept or reject the Plan, (b) fixed April 14, 2011, as the deadline for objecting to the Plan, (c) fixed April 21, 2011 at 1:30 p.m. prevailing Eastern Time as the date and time for the commencement of the Confirmation Hearing, and (d) approved the form and method of

notice of the Confirmation Hearing set forth therein.

As evidenced by the Affidavit of Service of Order Approving Disclosure Statement and Setting Hearing filed by Randy A. Skinner, due, adequate and sufficient notice of the Disclosure Statement, Plan and exhibits thereto, together with all deadlines for voting on or objecting to the Plan and the transactions contemplated thereby, has been given to: (a) all classes of creditors entitled to vote on the Plan (b) parties that requested notice, and (c) all other parties in substantial and material compliance with Bankruptcy Rules 2002(b), 3017 and 3020(b), and no other or further notice is necessary or shall be required.

**E. Confirmation Requirements of Section 1129 are Satisfied.**

The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including Bankruptcy Code § 1129.

**F. Objections.**

On April 14, 2011, Chartis, Inc. a/k/a Commerce & Industries, a general unsecured creditor, filed an Objection to Confirmation of the Plan because the creditor was not included in the distribution to general unsecured creditors in Class VIII of the Plan. This objection was announced as resolved and such resolution was further confirmed by consent order entered by the Court on June 16, 2011. The Court has also received the Objection of the United States Trustee's office on confirmation on the following grounds:

    a.    Unfair discriminatory treatment of Classes VII and VIII. This objection has been resolved by the amendment to the plan filed on July 26, 2011 which provides for equal treatment and distribution of those claims in Class VII to those in Class VIII ;

  b. release of the individual employees from pre-petition claims of medical and health service providers;

  c. the release of Mr. Durham from his personal guaranties of the pre-petition debts of the Debtor Corporation. Mr. Durham's release was further limited by amendment to the plan filed with the court on July 26, 2011 excluding claims contained in Classes III, IV, and V and the Debtor's factoring company, Prosperity Funding, from this release. Mr. Durham's release as to the medical and health service providers has also been limited to the same extent as the release provided to the individual employees of the Debtor, as set forth in the amendments described above.

  d. The release by the debtor of its pre-petition claims against Wachovia. This objection was based upon the lack of prior notice to the creditors for the basis of this release. This objection has since been resolved by the Debtor's SC LBR 9019 Notice filed with the court on June 3, 2011 and the order of this court approving such settlement, based upon the resulting sufficiency of such notice as provided by the aforementioned notice.

Therefore, the remaining issue before the court is the sufficiency of the individual release of Mr. Durham and the individual employees as contained in amendments referenced above.

The Debtor's Plan of Reorganization, as amended, proposes the following releases:

  a. A release of the individual liability of the employees of the Debtor for pre-petition claims of health and medical service providers which would otherwise be covered by the pre-petition self-insurance fund of the Debtor previously maintained for the health and medical benefits of its employees.

b.  An individual release of Claude A. Durham of all personally guaranteed creditors of the Debtor or other creditors for which Mr. Durham may be deemed personally liable with the exclusion of Class VI, and all claimants contained in Classes III, IV, and V.

c.  release by the Debtor and Mr. Durham of any claims they may have against Wachovia outlined in Article III of the Plan

The Plan provides for releases of and injunctive relief for the benefit of third parties who are (1) providing substantial consideration to the Debtor's reorganization or (2) substantially compromising their claims. The Plan arises from unusual circumstances resulting in an involved and complex case. The releases and injunctions create a global resolution of a multitude of complex issues among Debtor and the third party releasees. The contributions and concessions by the third party releasees are an essential component to the reorganization and future success of the Debtor and contribute to the feasibility of the Plan.

In consideration for their releases, the individual employee releasees have forgone other potentially more stable employment opportunities and will continue to provide their future services to the debtor in an uncertain economic and business environment. In consideration for their release of the individual employees, the health and medical service providers are agreeing, as further set forth in the Plan and related Plan amendments, to receive equal treatment as those creditors contained in Class VIII.

As for the releases to be provided to Mr. Durham, the Bankruptcy Court heard detailed testimony from the proposed releasee, Claude A. Durham, President of Condustrial; Joseph F. Sullivan, President of Sullivan Company, LLC, Debtor's workman's compensation insurance carrier for the Debtor; and Robert Pugliano, President of Prosperity Funding which is the Debtor-In-Possession Factoring Agent for all of the Debtor's accounts receivable.

In consideration for the releases provided under the Plan, Mr. Durham has made the following concessions:

a. He has testified that he has reduced his annual salary paid by the Debtor Corporation by more than $80,000.00 annually; and

b. He has increased his pre-petition personal guaranty of the business debts of the Debtor, most importantly the cash collateral financier, by over $230,000.00

Certain courts have held that Section 524(e) should prohibit releases of third parties. *See, e.g,. In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995). This section provides that the "discharge of a debt of the debtor does not affect the liability of another entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). However, like other courts interpreting 524(e) more broadly, "the Court of Appeals for the Fourth Circuit has upheld the jurisdiction and power of the bankruptcy court to permanently enjoin claims and actions against nondebtors in the context of a Chapter 11 plan of reorganization, as well as to grant releases to nondebtor third parties in that context." *In re MAC Panel Co.*, 2000 Bankr. LEXIS 1694, *23 (Bankr. M.D.N.C. 2000) (*citing In re A.H. Robins Co.*, 880 F.2d 694, 701 (4th Cir. 1989)).

When a plan of reorganization includes third-party releases and injunctions, courts have weighed all or some of the following seven factors in determining whether such a release is appropriate: (1) an identity of interests between the Debtor and the third party; (2) substantial contribution by the non-debtor of assets to the reorganization; (3) the essential nature of the injunction to the reorganization; (4) overwhelming agreement by the impacted classes to support the release; (5) provision in the plan for substantially all of the claims of the impacted classes; (6) plan provides an opportunity for those claimants who choose not to settle to recover in full; and (7) the bankruptcy court made a record of specific factual findings that support its conclusions. *See In re Continental Airlines*, 203 F.3d 203 (3rd Cir. 2000); *In re Specialty Equip. Co., Inc.*, 3 F.3d 1043 (7th Cir. 1993); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992); *In re A.H. Robins Co., Inc.*, 880 F.2d 694 (4th Cir. 1989); *In re Transit Group Inc.*, 286 B.R. 811, 817 (Bankr. M.D. Fla. 2002) (citing *In re Dow Corning Corp.*, 280 F.3d 648 (6th Cir. 2002)).

Applying the factors discussed above to this case, I find and conclude based on the records and evidence before me, including testimony and representations at the Confirmation Hearing, that the third party releases and injunctions contained in Debtor's Plan are appropriate and necessary, and do not adversely or unfairly impact any particular class of creditors.

First, the Debtor and Mr. Durham share an identity of interest, because Mr. Durham is the sole owner of all of the shares of the Debtor Corporation and provides the Debtor the contacts, experience, and reputation necessary to obtain the contracts which are essential to the Debtor's operations.

Second, Mr. Durham is providing substantial consideration critical to effectuate the Plan through his continued services and dedication to the Debtor. The various forms of value and

consideration provided by Debtor and Plan Releasees[1] are mutually dependent upon one another and therefore are not severable from one another. The failure to obtain approval of and effectuate the release, injunction, exculpation and discharge provisions of this Plan would seriously impair the Debtor's ability to execute the Plan.

Third, the releases are necessary to support the releasees giving of such consideration in support of the Plan. The Debtor's ability to formulate any plan for the adjustment of debts will be irreparably impaired absent any portion of the consideration described herein. Such absence of consideration would result in irreparable harm to Debtor and the parties in interest. The Plan and the releases are the product of an arms-length, good faith negotiation between Debtor, Mr. Durham, other releasees and the releasors.  Further, the injunction provisions set forth in Article V of the Plan are necessary to preserve and enforce the releases granted by the Plan and are narrowly tailored to achieve that purpose.

Fourth, the court has only received one objection from a releasing party in the amount of $851.64. All other impacted classes of creditors have shown by their votes their overwhelming support in favor of the Plan.

Fifth, the Plan provides for the releasing parties to receive payment in an amount in excess of any funds they would receive from an orderly liquidation of the Debtor.

The sixth "opt-out" factor, as noted above, is typically employed in mass tort cases where multiple claimants have individualized claims for damages against the Debtor and each claim is based upon separate and distinct factual circumstances particular to each claimant. In this case, all claims arise from the same facts and circumstances, mainly that the Debtor is not generating

---

[1] The Plan defines "Plan Releasees" shall mean Claude A. Durham and individual employees of the Debtor Corporation

sufficient revenue to satisfy in full all of its general unsecured creditors, both personally guaranteed and otherwise. In the present case, the Debtor's plan provides for payment to these releasing creditors well in excess of any amounts they would receive from a combined liquidation of the assets of the Debtor and Mr. Durham.

Seventh, this Order contains the specific factual findings which support the bankruptcy court's conclusions for finding the releases and injunctions appropriate in this case, including the above and as further discussed herein. The recited applicable factors are satisfied in the case with regard to the third party releasees, and I find that the releases are necessary and reasonable as further set forth above.

Thus, each of the release, injunction, exculpation and discharge provisions set forth in the Plan: (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a) and 1334(b); (b) are an essential means of implementing the Plan; (c) are an integral element of the settlements and transactions incorporated into the Plan; (d) are fair, equitable, appropriate, and reasonable; (e) confer material benefits on, and are in the best interests of, the Debtor and its creditors; (f) are important to the overall objectives of the Plan to finally resolve all claims among or against the parties-in-interest in this case with respect to the Debtor, and its organization, operation and reorganization; and (g) are consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The record of the Confirmation Hearing and this case is sufficient to support the release, injunction, exculpation and discharge provisions contained in Article V of the Plan and Article V of the Plan is hereby specifically approved.

G.  **Satisfaction of Confirmation Requirements.**

Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in §1129 of the Bankruptcy Code.

H.  **Modifications to the Plan.**

Subsequent to solicitation, the Debtor made certain non-material modifications to the Plan. All modifications to the Plan since the entry of the Solicitation Procedures Order are consistent with all of the provisions of the Bankruptcy Code, including, but not limited to, §1127(d) of the Bankruptcy Code, the Federal Rules, including Rule 3019, and the Local Bankruptcy Rules. None of the modifications made since the commencement of solicitation adversely affect the treatment of any creditor or equity security holder under the Plan. Accordingly, pursuant to § 1127(a) of the Bankruptcy Code, none of the modifications require additional disclosure or resolicitation, and under Rule 3019, creditors are deemed to have accepted the Plan as modified.

**ORDER**
**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

A.  **Confirmation of Plan.**

The Plan is **APPROVED** and **CONFIRMED** under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Plan is valid and enforceable pursuant to its terms and the terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

B.   **Findings of Fact and Conclusions of Law**

The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with Confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein by reference. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed. To the extent that any of the findings of fact or conclusions of law constitutes an order of this Bankruptcy Court, they are adopted as such.

C.   **Approval of Plan Documents.**

Upon the Effective Date, all actions contemplated by or in furtherance of the Plan shall be deemed authorized and approved in all respects.

The terms of the Plan and exhibits thereto are incorporated by reference into, and are an integral part of, the Confirmation Order. The form and substance of the Plan (and exhibits thereto, and each of their provisions are confirmed and approved in each and every respect. Except as may be set forth in the Plan, the Debtor is authorized and empowered to make any and all modifications to any and all documents included as part of the Plan that may be agreed to by the parties thereto and that are consistent with and in furtherance of the terms of the Plan and the terms of this Confirmation Order.

**D.     Authority.**

The Debtor and its respective directors, officers, managers, agents, representatives, and attorneys, are authorized and empowered to (a) issue, execute, deliver, file and record, as appropriate, any contracts, instruments, releases, indentures, bills of sale, assignments, leases or other agreements or documents and (b) perform such other acts and execute and deliver such other documents as are required by, consistent with and necessary or appropriate to implement, effectuate or consummate the Plan and this Confirmation Order and the transactions contemplated thereby and hereby.

**E.     Assumption and Rejection of Executory Contracts and Unexpired Leases.**

All contracts and leases of the Debtor that may constitute executory contracts or unexpired leases as of the Petition Date shall be assumed except for Marlin Leasing, US Bancorp Business Equipment Finance Group, Galleria Shopping Center, LLC, Tulspec Properties, LLC, Stephenson Park Associates, LP, and Mike Houchin Contract. Any other contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by Final Order prior to the Effective Date, is hereby deemed rejected.

**F.     Notice of Entry of the Confirmation Order.**

In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtor and/or its Solicitation Agent shall serve the Notice of Entry of the Confirmation Order ("Notice of Confirmation") by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any party to whom the Debtor mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable

as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such party of their new address. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, including Bankruptcy Rules 2002 and 3020(c), and no other or further notice or publication is necessary.

The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

G.  **Modification of the Plan Prior to Consummation.**

Subject to certain restrictions and requirements set forth in § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, after the Confirmation Date and prior to consummation of the Plan, the Debtor may: (a) amend or modify the Plan one or more times as may be necessary to carry out the purposes and effects of the Plan so long as such amendment(s) do not materially and adversely affect the treatment of any creditor or equity security holder under the Plan and (b) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Confirmation Order. Entry of the Confirmation Order means that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

**H.    Final Confirmation Order.**

This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. Notwithstanding Rule 3020(e) of the Bankruptcy Rules, the Confirmation Order shall be immediately effective, subject to the terms and conditions of the Plan.

**I.    Retention of Jurisdiction.**

This Bankruptcy Court's retention of jurisdiction as set forth in Article IX of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction over all pending matters.

**J.    Severability of Plan Provisions.**

Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

**K.    Nonseverable and Mutually Dependent.**

The provisions of this Confirmation Order are nonseverable and mutually dependent.

AND IT IS SO ORDERED.